UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
REINDEER CONSULTING GROUP LLC,

                Plaintiff,

     -against-

                                              **ORDER**
LIBERTY BELL HOME CARE SERVICES,        23-CV-7178 (TAM)
INC.,

                Defendants.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

       On August 25, 2023, Plaintiff Reindeer Consulting Group, LLC filed this lawsuit in the Supreme Court of the State of New York, Kings County (the "State Court"), against Defendant Liberty Bell Home Care Services, Inc. (Summons & Compl., ECF No. 3.) On September 27, 2023, Defendant removed the case to this federal court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1, at ¶ 5.)

       Currently pending before the Court is Plaintiff's motion to remand the case. (Decl. of Jeffrey Zachter in Supp. of Pl.'s Mot. to Remand, ECF No. 12 (hereinafter "Mot. to Remand").) For the reasons set forth below, the Court denies Plaintiff's motion to remand.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

       As noted, Plaintiff commenced this action on August 25, 2023, in New York State court, and on September 27, 2023, Defendant removed the case to federal court. (Summons & Compl., ECF No. 3; Notice of Removal, ECF No. 1.) On October 27, 2023, Plaintiff filed a motion to remand. (Mot. to Remand, ECF No. 12.) In support, Plaintiff alleges that removal was improper both because the Court lacks subject matter jurisdiction and because the "State Court of New York is the sole venue pursuant to the

Consulting Agreement." (Mem. of Law in Supp. of Pl.'s Mot. to Remand, ECF No. 12-3, at 4 (hereinafter "Mem. in Supp.").) Plaintiff's core argument is that the language in the Consulting Agreement (the "Agreement") "places jurisdiction solely in the four counties in the State of New York." (*Id.* at 4–5.)

Defendant opposes remand, arguing that the Court possesses subject matter jurisdiction and that the forum selection clause unambiguously "provided for an acceptable forum in any court located in the Counties of New York, Nassau, Kings, or Queens." (Mem. of Law in Opp'n to Pl.'s Mot. to Remand, ECF No. 17, at ECF p. 5 (hereinafter "Mem. in Opp'n") (quotation marks omitted).) For the reasons set forth below, the Court denies Plaintiff's motion to remand.

## DISCUSSION

### I. Jurisdiction

The prerequisites for diversity jurisdiction are well established. *See* 28 U.S.C. § 1332. To meet the diversity of citizenship requirement, there must be "complete" diversity; "[d]iversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005).[1] To meet the amount in controversy requirement, the matter in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

---

[1] "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). As to limited liability companies, "in pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged . . . [meaning] a plaintiff must allege the identity and citizenship of [an LLC's] members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020).

2

Defendant has properly invoked diversity jurisdiction in this case. First, there is complete diversity: the members of Plaintiff LLC all reside in New York or New Jersey, and Defendant Corporation was incorporated in Pennsylvania, where its principal place of business is located. (Pl.'s Rule 7.1 Disclosure Statement, ECF No. 21; Decl. of L. Anthony DiJiacomo, III for a Rule 7.1 Suppl. Disclosure Statement, ECF No. 19, at ¶¶ 4–5.) Second, the amount in controversy exceeds $75,000: Plaintiff seeks judgment in an amount of $351,059.97, exclusive of interests and costs. (Summons & Compl., ECF No. 3, at ECF pp. 6–7.) Therefore, the Court finds that diversity jurisdiction has been properly asserted.

## II.  The Forum Selection Clause

Plaintiff argues that even if the Court has jurisdiction, removal was improper based upon the language in the Agreement. (Mem. in Supp., ECF No. 12-3, at 3–5.) Plaintiff relies on paragraph 15 of the Agreement, which states:

> Any litigation relating to this Agreement or involving Consultant on one side and the Company or Principal on the other must be commenced and maintained in any court located in the Counties of New York, Nassau, Kings, or Queens in the State of New York (the "Acceptable Forums"). The parties agree that the Acceptable Forums are convenient, submit to the jurisdiction of the Acceptable Forums and waive any and all objections to the jurisdiction or venue of the Acceptable Forums.

(Agreement, ECF No. 12-1, at ¶ 15.) Plaintiff argues that this text explicitly "provides for any dispute to [be] adjudicated in the State Court of New York." (Mem. in Supp., ECF No. 12-3, at 4.) Further, Plaintiff asserts that, had the Agreement "meant for Federal Court jurisdiction, it would have stated Federal Court or District Court and would have stated which District or Districts were acceptable venues." (*Id*. at 5.)

In opposition, Defendant contends that "forum selection clauses that use the term 'in a state' specifically permit[] jurisdiction in both the state and federal courts of the named state"; and that the phrase "any court" bolsters that conclusion, as the

3

language is "clearly not restrictive, but expansive." (Mem. in Opp'n, ECF No. 17, at ECF pp. 5–6.)

Broadly, the issue the Court must consider is whether the forum selection clause is ambiguous. *See Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 75 (2d Cir. 2009). More narrowly, the critical question is whether the phrase "in the Counties" "refers to the state courts to the exclusion of the federal courts" and is "a term of sovereignty," or whether "it encompasses New York State courts and the federal court sitting in the [counties]" and is a "term of geography." *City of New York v. Pullman Inc.*, 477 F. Supp. 438, 442 (S.D.N.Y. 1979). Importantly, a forum selection clause may only serve as a waiver of the right to remove an action to federal court if the waiver is "clear and unequivocal." *Unity Creations, Inc. v. Trafcon Industries, Inc.*, 137 F. Supp. 2d 108, 110 (E.D.N.Y. 2001).

Here, there is no such waiver. The Court declines to find that the phrase "any court located in the Counties of New York, Nassau, Kings, or Queens in the State of New York" refers only to "State Courts located within those Counties." (Mem. in Supp., ECF No. 12-3, at 6.) The forum selection clause, taken as a whole, does not "clear[ly] and unequivocal[ly]" waive the statutory right to remove the case to federal court.[2] *Cronin v. Family Educ. Co.*, 105 F. Supp. 2d 136, 137–38 (E.D.N.Y. 2000); *see also John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distributors Inc.*, 22 F.3d 51, 53 (2d Cir. 1994) ("[W]here jurisdiction exists, it cannot be ousted or waived absent a clear indication of such a purpose." (quotation marks omitted)).

---

[2] Adoption of Plaintiff's argument that the Agreement would have explicitly stated federal court had it been meant to include federal court jurisdiction would invert the rule and diminish the strength of the statutory right to remove. (*See* Mem. in Supp., ECF No. 12-3, at 6.) If jurisdiction exists, the right is presumed *unless* explicitly waived. *See Unity Creations, Inc.*, 137 F. Supp. 2d at 111; *John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors Inc.*, 22 F.3d 51, 53 (2d Cir. 1994).

4

Moreover, the Second Circuit has recently adopted "the widely accepted rule that forum selection clauses that use the term 'in a state' permit jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term 'of a state' limit jurisdiction over the parties' dispute to the state courts of the named state." *Rabinowitz v. Kelman*, 75 F.4th 73, 84 (2d Cir. 2023) (quotation marks and alterations omitted). This rule is indeed widely accepted; numerous circuit courts and New York district courts have held that the term "in a state" permits jurisdiction in both the state and federal courts in the named state. *See, e.g.*, *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010); *Seafarers Pension Plan ex rel. Boeing Co. v. Bradway*, 23 F.4th 714, 721 (7th Cir. 2022) ("Most circuits treat forum-selection clause references to courts 'of' a state as not including federal courts in the state, but references to courts 'in' a state as including both state and federal courts located in the state."); *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205–06 (9th Cir. 2011); *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 549 (3d Cir. 2011); *Beach v. Citigroup Alternative Investments LLC*, No. 12-CV-7717 (PKC), 2014 WL 904650, at *8 (S.D.N.Y. 2014); *Cronin*, 105 F. Supp. 2d at 138 (holding that the phrase "courts located *in*" is "plainly geographic" and thus permits litigation in federal court).

The reasoning of these cases applies with equal force here. The forum selection clause in the Agreement provides that "any court located in the Counties of New York, Nassau, Kings, or Queens" is an acceptable forum. (Agreement, ECF No. 12-1, at 5.) As applied to this case, the rule adopted in *Rabinowitz* dictates that the phrase "any court located in" one of the specified counties is inclusive and permits jurisdiction in both the state and federal courts of the named counties. *See Rabinowitz*, 75 F.4th at 84.

5

Accordingly, the Court finds that the forum selection clause permits removal to federal court.[3]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand the proceedings and award Plaintiff just costs and actual expenses is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
December 20, 2023

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

---

[3] Because the Court finds that removal was proper, the Court declines to award attorney's fees under 28 U.S.C. § 1447(c). (*See* Mem. in Supp., ECF No. 12-3, at 5–6 (arguing that because "Defendant[']s removal of this action lacked a reasonable basis[,] Plaintiff should be awarded just costs and actual expenses, including attorney's fees, incurred as a result of the removal").)